# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH M. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV510 JAR |
| | ) | |
| ALAN BLAKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, a civil detainee at Fulton State Hospital, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will grant plaintiff's motion to proceed in forma pauperis. See 28 U.S.C. § 1915. Additionally, the Court will order plaintiff to submit an amended complaint.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S.

Ct. 1728, 1733 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

## The Complaint

Plaintiff, a civil detainee at Fulton State Hospital, brings this action under 42 U.S.C. § 1983 alleging violations of his civil rights when he was civilly detained at Sex Offender Rehabilitation and Treatment Services in Farmington, Missouri ("SORTS").  Named as defendants are: Alan Blake (Superintendent, "SORTS"), Linda Moll (doctor), Sujatha Ramesh (doctor), Jay Englehart (doctor) and Dave Hayreh (doctor).  The complaint seeks monetary relief.

Plaintiff alleges that he was sexually assaulted by another civil detainee at SORTS in December of 2009. Plaintiff states that an investigation was performed into the alleged assault, and he pressed charges against the alleged perpetrator.  Plaintiff claims that after receiving pressure from several individuals at SORTS he dropped the charges against the perpetrator but continued to avoid the individual.  Plaintiff states that in December of 2011, certain unnamed individuals moved plaintiff and the

-2-

alleged perpetrator to the same housing unit. Plaintiff claims that when he found out he was being moved to the same housing unit as the individual who assaulted him two years prior, he told "the administration" that he was fearful that he would be sexually assaulted by this individual a second time. Plaintiff does not identify the specific individuals he purportedly told about his fears regarding the assault, only noting the persons who were "on the committee" who placed him in the ward, namely the Superintendent of SORTS and doctors at the facility who are presumably employed by the Missouri Department of Mental Health. Plaintiff claims that within a month of being placed in the new housing unit he was again sexually assaulted by the same individual.

## Discussion

As currently pleaded, plaintiff's complaint fails to state a claim for two reasons. First, plaintiff has failed to personally identify the individual, or individuals, whom he allegedly reported his fears regarding the assault to. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th

Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).  In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted.

Moreover, the complaint is silent as to whether defendants are being sued in their official or individual capacities.  Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id.  As a result, the complaint fails to state a claim upon which relief can be granted.

Because of the serious nature of the allegations in the complaint, the Court will not dismiss the case at this time.  Instead, the Court will give plaintiff the opportunity to file an amended complaint.  Plaintiff shall have 30 days from the date of this Order to file an amended complaint.  Plaintiff is warned that the filing of an amended

complaint replaces the original complaint, and claims that are not realleged are deemed abandoned.  E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).  If plaintiff fails to file an amended complaint within 30 days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a copy of the Court's form Prisoner Civil Rights Complaint.

Dated this 2nd day of April, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE