# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH M. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12CV510 JAR |
| | ) |
| ALAN BLAKE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff's filing of an amended complaint.[1] Plaintiff is a civil detainee at Fulton State Hospital proceeding in this action as a pauper, pursuant to 28 U.S.C. § 1915. After reviewing the amended complaint and finding that it still fails to meet the requisite pleading standards, the Court will provide plaintiff with one last opportunity to amend his pleading in this action.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

---

[1] After reviewing plaintiff's complaint pursuant to 28 U.S.C. § 1915 and finding it deficient in several respects, the Court provided plaintiff with an opportunity to amend his complaint to properly state a claim for relief. [Doc. #7]

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Amended Complaint

Plaintiff, a civil detainee at Fulton State Hospital, brings this action under 42 U.S.C. § 1983 alleging violations of his civil rights when he was civilly detained at Sex Offender Rehabilitation and Treatment Services in Farmington, Missouri ("SORTS"). Named as defendants are: Alan Blake (Superintendent, "SORTS"), Linda Moll (Doctor), Sujatha Ramesh (Doctor), Jay Englehart (Doctor), Dave Hayreh (Doctor), Scott Jordan (Housing Unit Manager) and LaJuan Tucker (fellow civil detainee). The amended complaint seeks monetary relief.

Plaintiff alleges that he was sexually assaulted by defendant Tucker at SORTS in December of 2009. Plaintiff states that in December of 2011, a "committee," made up of defendants Blake, Moll, Ramesh, Englehart, Hayreh and Jordan moved plaintiff to the same housing unit as defendant Tucker. Plaintiff claims that when he found out he was being moved to the same housing unit as defendant Tucker, he told "the administration" that he was fearful that he would be sexually assaulted by this individual. Plaintiff asserts that despite being assured of his safety, defendant Tucker raped him on numerous occasions in 2012.

## Discussion

As pleaded, plaintiff's first amended complaint fails to state a claim upon which relief may be granted against the defendants employed by the Missouri Department of Mental Health. Just as the complaint was lacking in the first instance, it still fails to enunciate the capacity under which the defendants are being sued - whether the defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. The named defendants are employed by the Missouri Department of Mental Health, which is a Department or Subdivision of the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, none of the named defendants can be held liable for the allegations enumerated in plaintiff's amended complaint, as currently pleaded against them in their official capacities.

Moreover, plaintiff cannot state a claim for relief under § 1983 against defendant Tucker, a fellow civil detainee. To state a claim under § 1983, a plaintiff

must establish that a person acting under color of state law committed the acts which form the basis of the complaint. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). Defendant Tucker is a private, rather than state actor, and he cannot be held liable under 42 U.S.C. § 1983.

Once again, because of the serious nature of the allegations in plaintiff's pleading, the Court will not dismiss the case at this time. Instead, the Court will give plaintiff the opportunity to file a second amended complaint. Plaintiff shall have thirty (30) days from the date of this Order to file a second amended complaint. Plaintiff is warned that the filing of a second amended complaint replaces the original complaint and the first amended complaint, and claims that are not re-alleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). In other words, the filing of the second amended complaint **completely replaces** the original and amended complaints, so if plaintiff wishes to include a claim in his lawsuit, his claim must be clearly stated in the second amended complaint. Additionally, he must also clearly indicate each of the defendants which he is pursuing allegations against, and he must articulate, for each of those defendants, the factual circumstances surrounding their alleged wrongful

conduct. Plaintiff's failure to make specific and actionable allegations against any of the defendants will result in their dismissal from this case.

If plaintiff fails to file a second amended complaint within thirty (30) days, the Court will dismiss this action without prejudice. After the filing of plaintiff's second amended complaint, the Court will review the second amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Last, after careful review of the record in this matter, the Court will decline to appoint counsel to plaintiff at this time. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved in this action are not so complicated that the appointment of counsel is warranted at this time. Although the claims articulated in plaintiff's pleading are serious in nature, they are straightforward and do not involve intricate issues of law or fact. As such, plaintiff's motion for appointment of counsel will be denied, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint at this time.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a copy of the Court's form Prisoner Civil Rights Complaint.

**IT IS FURTHER ORDERED** that plaintiff shall submit a second amended complaint no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's failure to file an amended complaint within thirty (30) days of the date of this Memorandum and Order in compliance with the instructions set forth above shall result in a dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** without prejudice.

Dated this 27th day of July, 2012.

                                               _____
                                               JOHN A. ROSS
                                               UNITED STATES DISTRICT JUDGE