# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH M. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV510 JAR |
| | ) | |
| ALAN BLAKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff's filing of his second amended complaint.[1] Plaintiff is a civil detainee at Fulton State Hospital proceeding in this action as a pauper, pursuant to 28 U.S.C. § 1915. After reviewing the second amended complaint, the Court finds that plaintiff's individual capacity claims against defendants brought pursuant to the Eighth Amendment survive review under § 1915, and the Court will order the Clerk to issue process on these claims. However, plaintiff's claims against defendants in their official capacities will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

**28 U.S.C. § 1915(e)**

---

[1] After reviewing plaintiff's complaint and amended complaint pursuant to 28 U.S.C. § 1915 and finding both pleadings deficient in several respects, the Court provided plaintiff with opportunities to properly state a claim for relief.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to

relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

### The Second Amended Complaint

Plaintiff, a civil detainee at Fulton State Hospital, brings this action under 42 U.S.C. § 1983 alleging violations of his civil rights when he was civilly detained at Sex Offender Rehabilitation and Treatment Services in Farmington, Missouri ("SORTS"). Named as defendants are: Alan Blake (Superintendent, "SORTS"), Linda Moll (Doctor), Sujatha Ramesh (Doctor), Jay Englehart (Doctor) and Dave Hayreh (Doctor). The second amended complaint seeks monetary relief.

Plaintiff alleges that he was sexually assaulted by another civil detainee, LaJuan Tucker, at SORTS in December of 2009. Plaintiff states that in December of 2011, a "committee," made up of defendants Blake, Moll, Ramesh, Englehart and Hayreh moved plaintiff to the same housing unit as Tucker despite Tucker's prior rape of plaintiff. Plaintiff claims that when he found out he was being moved to the same housing unit as Tucker, he told the members of the committee that he was fearful that he would again be sexually assaulted by Tucker. Plaintiff asserts that despite being assured of his safety, Tucker raped him on numerous occasions in 2012.

**Discussion**

Plaintiff has named defendants in both their individual and official capacities. The Court finds that plaintiff's failure to protect allegations, brought pursuant to the Eighth Amendment, state a claim for relief against defendants in their individual capacities. And the Court will order the Clerk to issue process or cause process to be issued on these claims.

However, plaintiff's claims against defendants in their official capacities are subject to dismissal. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983."). As such, these claims will be dismissed for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the second amended complaint as to defendants Alan Blake, Linda Moll, Sujatha Ramesh, Jay Englehart and Dave Hayreh, in their individual capacities.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Alan Blake, Linda Moll, Sujatha Ramesh, Jay Englehart and Dave Hayreh shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Alan Blake, Linda Moll, Sujatha Ramesh, Jay Englehart and Dave Hayreh in their official capacities are subject to dismissal, without prejudice, for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of September, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE