# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH M. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV510 JAR |
| ) | |
| ALAN BLAKE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for appointment of counsel. The motion will be denied at this time.

Plaintiff is a civil detainee at Fulton State Hospital proceeding in this action pro se. He brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights when he was detained at the Sex Offender Rehabilitation and Treatment Services in Farmington, Missouri ("SORTS"). He claims when he was first housed at SORTS in December of 2009, he was sexually assaulted by another civil detainee, and he reported the assault and the matter was thoroughly investigated. He asserts that in December of 2011, a "committee" moved plaintiff back to the same housing unit as his attacker despite their knowledge of the prior rape. Plaintiff states that he was again subjected to sexual assault by this same individual on numerous occasions throughout the year. Plaintiff is currently pursuing a § 1983 action against several

members of the "committee" who moved him back into the housing unit, asserting that the individual members failed to protect him from harm in violation of the Eighth and Fourteenth Amendments of the Constitution.

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

Although plaintiff states that he lacks the knowledge to represent himself in this matter, his prior pleadings before this Court have been articulate and straightforward. Although the subject matter in plaintiff's complaint is serious, it is unclear at this juncture how much discovery plaintiff will have to engage in to present his facts in relation to his allegations.

The Eighth Amendment requires officials to "provide humane conditions of

confinement" by taking reasonable steps to protect inmates convicted of crimes from assault by other inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Plaintiff's custodians had a comparable duty to protect plaintiff as a civil detainee, although this duty arose under the Due Process Clause of the Fourteenth Amendment. See Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982); Bell v. Wolfish, 441 U.S. 520, 536 (1979). To prove an unconstitutional failure to protect from harm, plaintiff must show (1) an "objectively, sufficiently serious" deprivation, meaning that he was detained under conditions posing a substantial risk of serious harm, Farmer, 511 U.S. at 834 (internal quotation omitted), and (2) that the defendant was deliberately indifferent to the substantial risk of serious harm. Id. The second requirement is a subjective test; the defendant must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

    The legal issues in this case are relatively straightforward, and if, as plaintiff alleges in his complaint, there was an investigation into plaintiff's allegations of sexual assault in 2009 at SORTS, then plaintiff will not have to engage in a vast amount of discovery in this case.

    After considering these factors, the Court finds that the appointment of counsel is not warranted at this time.  If at some later point in time it appears that counsel is

warranted, plaintiff may motion the Court for counsel at that time and provide a list of specific reasons why counsel is needed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [Doc. #14] is **DENIED without prejudice**.

Dated this 26th day of September, 2012.

                                             JOHN A. ROSS
                                             UNITED STATES DISTRICT JUDGE