UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH M. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-510-JAR |
| | ) | |
| ALAN BLAKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

The Court is in receipt of Plaintiff's two separate motions for appointment of counsel. [ECF Nos. 27, 29]. A review of the docket indicates that Plaintiff first requested appointment of counsel on March 27, 2012. (Doc. No. 4) Plaintiff's request was considered in light of relevant factors, see Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986) and Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984), and denied without prejudice on July 27, 2012. (Doc. No. 9) Plaintiff filed a second motion for appointment of counsel on September 19, 2012. (Doc. No. 14), which was denied without prejudice on September 26, 2012. (Doc. No. 15)

In his current motions, Plaintiff states that he needs counsel to assist him in obtaining documents recently submitted by the Attorney General (Doc. No. 27), and deposing Defendants and certain non-party witnesses to "acquire factual information to further demonstrate that they failed to protect him" and "disregarded his rights and safety." (Doc. No. 29) Plaintiff also requests the Court issue subpoenas on all witnesses listed in Defendants' Rule 26 disclosures and on certain clients and staff members at Fulton State Hospital. (Doc. No. 27) Defendants oppose Plaintiffs' motions because he fails to list specific reasons why appointment of counsel is

warranted or factors demonstrating the complexity of the case. (Doc. No. 31) In addition, Defendants state they are in the process of compiling documents to respond to Plaintiff's request for production of documents, which may then eliminate the need for any depositions. (Doc. No. 31) Defendants also point out that Plaintiff has successfully filed several motions and served a discovery request on Defendants, thereby demonstrating his ability to present his position. (Id.)

Upon consideration, the Court will deny Plaintiff's latest requests for appointment of counsel. This does not appear to be a legally or factually complicated case, and thus far Plaintiff appears able to articulate and clearly present his position. Plaintiff should be guided by the Federal Rules of Civil Procedure with respect to the discovery he wishes to pursue, in particular Rule 45 concerning the issuance of subpoenas. Although Plaintiff will not be able to take depositions by oral examination under Rule 30 because he is incarcerated, he may take depositions by written questions as authorized by Rule 31. He may also direct interrogatories, requests for production of documents, and requests for admissions to Defendants. See Rules 33, 34 and 36. See also Stockdale v. Stockdale, 2009 WL 4019504, at *1-2 (E.D. Mo. Nov. 18, 2009).

The Court will address any issues that arise in connection with discovery as those issues are presented to it by motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Appointment of Counsel [27, 29] are **DENIED** without prejudice.

Dated the 22nd day of January, 2013.

                                                                           _____
                                                                           JOHN A. ROSS
                                                                           UNITED STATES DISTRICT JUDGE