UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-CV-510-JAR |
| | ) | |
| ALAN BLAKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

On Plaintiff's pro se motion for issuance of subpoenas pursuant to Rule 45, Fed.R.Civ.P. [ECF No. 34], the Clerk of the Court will be directed to send Plaintiff five (5) blank subpoena forms. Plaintiff may fill out the forms and return them to this Court for service. Plaintiff should not sign the subpoenas, as they will be signed by the Clerk after they are returned to and reviewed by the Court. If Plaintiff chooses to resubmit any subpoenas <u>duces</u> <u>tecum</u> to this Court, he must also submit a memorandum which explains as to each subpoena (1) the name of the person or entity he seeks to serve; (2) the specific documents he seeks; (3) how the specified documents are relevant to his case; (4) why he believes the entity or individual subpoenaed has possession of relevant documents; and (5) how he will provide the necessary costs, if any, related to document productions.[1] This information is required based on the Court's

---

[1] Although Plaintiff has been granted in forma pauperis status under 28 U.S.C. § 1915, nothing in the statute authorizes or permits the Court to waive the expense requirements of Rule 45. <u>See</u> generally <u>McNeil v. Lowney</u>, 831 F.2d 1368, 1373 (7th Cir. 1987), <u>cert.</u> <u>denied</u>, 485 U.S. 965 (1988); <u>Badman v. Stark</u>, 139 F.R.D. 601, 605-06 (M.D. Pa. 1991); <u>Leadbetter v. City of Fort Wayne</u>, 2007 WL 2323109, at *2 n.2 (N.D. Ind. Aug. 10, 2007) (citing cases). If Plaintiff was required to file a motion to compel, or if the subpoenaed parties objected to the subpoenas, the Court could condition an order requiring document production upon Plaintiff's advancing the copying costs for those documents.

"discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings." Stockdale v. Stockdale, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009) (quoting Manning v. Lockhart, 623 F.2d 536, 539 (8th Cir. 1980)). This power may be exercised to protect the resources of the Court and the U.S. Marshals Service, and to prevent harassment and undue expense of nonparties. Id. (citing Lloyd v. McKendree, 749 F.2d 705, 707 (11th Cir. 1985).

"Courts exercising inherent supervisory power over in forma pauperis subpoenas generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case." Stockdale, 2009 WL 4030758, at *1; see Tuvalu v. Woodford, 2006 WL 3201096, at *5 (E.D. Cal. Nov. 2, 2006) ("[A] party's ability to use a subpoena duces tecum is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1)[.]"); Jackson v. Brinker, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (court may refuse indigent party's request to have U.S. Marshal serve Rule 45 subpoena duces tecum that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process[.]") Thus, the Court retains the discretion to refuse to issue Rule 45 subpoenas to nonparties if Plaintiff does not provide the required information in the Memorandum for Clerk, or if the Court believes the requests are frivolous or otherwise improper.

Plaintiff is cautioned that before he serves a Rule 45 subpoena duces tecum, he must

serve Defendants with a notice that the subpoena will be issued. See Rule 45(b)(1). Failure to comply with the prior notice requirement could result in the imposition of sanctions, including the exclusion of any evidence produced or the imposition of monetary sanctions. See 9 Moore's Federal Practice, § 45.21[3][a] (Matthew Bender 3d ed. 2011). Adequate notice requires Plaintiff to specifically identify the documents he is requesting. Otherwise, Defendants are not given a reasonable opportunity to object to the production. See id. at § 45.10[3][b].

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall send five (5) blank "Subpoena in a Civil Case" forms to Plaintiff.[2]

**IT IS FURTHER ORDERED** that if Plaintiff submits any subpoenas duces tecum to this Court, he must also submit a memorandum which explains as to each subpoena (1) the name of the person or entity he seeks to serve; (2) the specific documents he seeks; (3) how the specified documents are relevant to his case; (4) why he believes the entity or individual subpoenaed has possession of relevant documents; and (5) how he will provide the necessary costs, if any, related to document production.

---

[1]For purposes of Rule 45 document production, Plaintiff should only check the box on the subpoena form by the statement, "YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):".

Dated this 28thday of February, 2013.

                                               JOHN A. ROSS
                                               UNITED STATES DISTRICT JUDGE