UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH M. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | No. 4:12-CV-510-JAR |
| ) | |
| ALAN BLAKE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for In Camera Review [ECF No. 33] Plaintiff states that in response to his first request for production of documents, Defendants produced a number of documents with redactions. The documents at issue are individual pages of a Farmington Police Department report pertaining to incidents occurring on or about February 20, 2012, labeled SORTS 006, 008, 010, and 012, and a Department of Mental Health Investigative Unit report concerning an incident that occurred on or about December 15, 16, and 19, 2009, which Plaintiff attached to a previous filing. (See Doc. No. 21) Plaintiff requests the Court review these documents to determine if the redactions are proper.

Defendants respond that the redacted information is limited to date of birth, social security number, addresses, telephone numbers and driver's license numbers, and required for the safety and security of the persons named in the documents, citing Fed.R.Civ.P. 5.2 and Mo.Ann.Stat. §§ 610.035, 630.167, and 630.140.1. (Doc. No. 38) In reply, Plaintiff states he has no issue with Defendants' redaction of personal identifiers; rather, his complaint is that the *names* of individuals have been redacted from the investigative report and police report. (Doc. No. 40) On April 8, 2013, the Court granted Defendants leave to file a sur-reply to address the

issue of redaction of names. (Doc. No. 43)

In their sur-reply, Defendants state that pursuant to Missouri statute, unsubstantiated investigative reports are confidential and can be disclosed only with consent. See Mo.Ann.Stat. § 630.167 ("[T]he names and any other descriptive information of the complainant or any other person mentioned in the reports shall not be disclosed unless such complainant or person specifically consents to such disclosure."). Defendants acknowledge a lack of case law addressing the issue of consent and disclosure of unsubstantiated reports. However, they take the position that because the report involves a nonjudicial mental or physical health proceeding, and includes names of staff members and identifiable persons civilly committed to the Department of Mental Health, the names of others mentioned in the report should remain confidential unless those persons consent to disclosure, citing Mo.Ann.Stat. § 610.021(5) ("A public governmental body is authorized to close . . . records . . . to the extent they relate to nonjudicial mental or physical health proceedings involving identifiable persons, including medical, psychiatric, psychological, or alcoholism or drug dependency diagnosis or treatment."). (Doc. No. 43) If the Court finds such consent is not required, then Defendants request the Court allow redaction of the names of those persons civilly committed to the Department of Mental Health for psychiatric care and treatment to allow for confidentiality should any party file the documents with the Court. (Id.)

After consideration, it is the Court's opinion that an *in camera* review of both the police department report and the investigative report is necessary to determine whether the redactions of names is permissible under the circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for In Camera Review [33] is **GRANTED**. Defendants shall submit the Farmington Police Department report pertaining to incidents occurring on or about February 20, 2012, and the Department of Mental Health Investigative Report issued March 25, 2010, to the Court for its *in camera* review no later than April 22, 2013.

Dated this 15th day of April, 2013.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE