UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH M. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12-CV-510-JAR |
| | ) |
| ALAN BLAKE, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the *in camera* review of documents submitted by Defendants in response to this Court's April 15, 2013 Order. (Doc. No. 46)

Plaintiff, a civil detainee at Fulton State Hospital, brings this action under 42 U.S.C. § 1983. In his second amended complaint, Plaintiff alleges that in December 2009, he was sexually assaulted by another civil detainee, LaJuan Tucker, at the Sex Offender Rehabilitation and Treatment Services ("SORTS") in Farmington, Missouri. Plaintiff further alleges that in December of 2011, Defendants moved him to the same housing unit as Tucker despite Tucker's prior rape of Plaintiff. Plaintiff claims that when he learned that he was being moved into the same housing unit as Tucker, he told Defendants he was fearful that he would again be sexually assaulted by Tucker. Plaintiff alleges that despite Defendants' assurance of his safety, Tucker raped him on numerous occasions in 2012. (Doc. No. 10-1)

In response to Plaintiff's first request for production of documents, Defendants produced, with redactions, individual pages of a Farmington Police Department report pertaining to incidents occurring on or about February 20, 2012, labeled SORTS 006, 008, 010, and 012, and a

Department of Mental Health Investigative Unit report concerning an incident that occurred on or about December 15, 16, and 19, 2009, which Plaintiff attached to a previous filing. (See Doc. No. 21) Plaintiff requested the Court review these documents to determine if the redactions were proper. Defendants have submitted the documents as required, and the Court has conducted its review.

With respect to the Farmington Police Department Report, labeled SORTS 006, 008, 010, and 012, the redacted information is limited to date of birth, social security number, addresses, telephone numbers and driver's license numbers of the Plaintiff and the suspect named in the report, Lujuan Tucker. Clearly, this information has been redacted for the safety and security of both Plaintiff and Tucker. Moreover, Plaintiff has indicated he has no issue with the redaction of personal identifiers. (Doc. No. 40) Accordingly, the Court will not require Defendants to produce the unredacted Farmington Police Report.

With respect to the Department of Mental Health Investigative Unit Report, the names of investigators and staff members, including unit program supervisors, activity aides, clinical caseworkers, and security aides, as well as the names of "consumers," i.e., other persons civilly committed to the Department of Mental Health, have all been redacted. Defendants take the position that pursuant to Missouri statute, unsubstantiated investigative reports are confidential and can be disclosed only with consent, see Mo.Ann.Stat. § 630.167.3(1), yet acknowledge a lack of case law addressing the issue.[1]

---

[1] In support of their position, Defendants cite Mo.Ann.Stat. § 610.021(5), which provides that "[a] public governmental body is authorized to close . . . records . . . to the extent they relate to nonjudicial mental or physical health proceedings involving identifiable persons, including medical, psychiatric, psychological, or alcoholism or drug dependency diagnosis or treatment."

After consideration, the Court will require Defendants to disclose to Plaintiff the names of the investigators and staff members mentioned in the investigative report since these are persons who may have knowledge of facts relevant to Plaintiff's claim. Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery for actions filed in federal court:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the . . . identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The Court concludes, however, that redaction of the names of those persons civilly committed to the Department of Mental Health for psychiatric care and treatment is required to allow for confidentiality, subject to some specific showing of necessity on the part of Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that, omitting the Farmington Police report produced by Defendants for the Court's *in camera* review, Defendants shall produce to Plaintiff no later than **Wednesday, May 29, 2013**, the Department of Mental Health Investigative Unit Report, with the names of investigators, unit program supervisors, activity aides, clinical caseworkers, and security aides. The names of those persons civilly committed to the Department of Mental Health, referred to as "consumers," shall remain redacted to protect their personal privacy, subject to a specific showing of necessity.

The Court will destroy the documents submitted for *in camera* review on **Wednesday, June 5, 2013**, unless Defendants notify the Court before that date of their intent to retrieve the

---

However, § 630.167.3(1) specifically states that investigative reports referred to in this section are not subject to the provisions of Chapter 610.

documents.

Dated this 20th day of May, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE