UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH M. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12-CV-510-JAR |
| | ) |
| ALAN BLAKE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Production of Documents. (Doc. No. 100) The motion is fully briefed and ready for disposition.

Plaintiff, a civil detainee at the Sex Offender Rehabilitation and Treatment Services ("SORTS") in Farmington, Missouri, brings this action under 42 U.S.C. § 1983. Plaintiff alleges that Defendants failed to protect him from another SORTS resident, LuJuan Tucker, who sexually assaulted him multiple times in 2009 and 2012.

On November 25, 2014, Plaintiff served his Fourth Set of Requests for Production of Documents seeking documents relating to the behavior and conduct of Tucker during his time at SORTS. (Doc. No. 101-1) Defendants objected to Plaintiff's requests on the grounds that each request sought materials protected under the confidentiality provisions of the Health Insurance Portability and Affordability Act ("HIPAA"), 42 U.S.C. §§ 1320d-1320-8. (Doc. No. 101-2) Following the Court's entry of the parties' Stipulated Protective Order on January 5, 2015 (Doc.

No. 99), Defendants agreed to produce many of the documents requested by Plaintiff. (Doc. No. 101-3) However, Defendants continue to maintain an objection to the following two requests:

> **Request 5**: Any and all Treatment Progress Notes and Behavioral Treatment Service Progress Notes of LuJuan Tucker (4079235) made, reported, or authored from March 10, 2008, to present.
>
> **Request 12**: Any and all minutes, memoranda, or notes from any Treatment Team Meeting referencing LuJuan Tucker (4079235) from March 10, 2008, to the present.

Defendants argue these requested documents relate to psychotherapy notes that cannot be disseminated without authorization or a court order. (Doc. No. 102 at 3)

Plaintiff replies that HIPAA allows for the production he has requested. Specifically, 45 C.F.R. § 164.512(e)(1)(ii) permits for disclosure of certain health information, including psychotherapy notes, in response to a "subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court … if [t]he covered entity receives satisfactory assurance … from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section." (Doc. No. 103 at 1-2) In addition, judges in this District have ruled that HIPAA does not preclude production of the documents requested. See Matthew J. King v. William Barton, et al., 4:10-CV-2141 (E.D. Mo. Feb. 13, 2013) at Doc. No. 113 (granting motion to compel identical documents concerning Tucker over virtually identical objections and holding that while 45 C.F.R. § 164.508 prohibits the production of psychotherapy notes absent an authorization from the patient involved, § 164.512 provides an exception for the production of such documents under a protective order); Timothy Nelson v. Dorn Shuffman, et al., 4:06-CV-

674 (E.D. Mo. Nov. 18, 2008) at Doc. No. 154 (ordering production of assailant's treatment records and notes pursuant to protective order). (Doc. No. 101 at 8-9)

Here, the stipulated Protective Order entered in this case meets the requirements of § 164.512(e)(1)(v). Therefore, the Court will overrule Defendants' objections to Request Nos. 5 and 12 of Plaintiff's Fourth Set of Requests for Production and order that the documents responsive to those requests be produced.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Production of Documents [100] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' objections to Request Nos. 5 and 12 of Plaintiff's Fourth Set of Requests for Production are **OVERRULED.**

**IT IS FINALLY ORDERED** that, within seven (7) days of the date of the Order, Defendants shall produce all documents responsive to Plaintiff's Fifth and Twelfth Request in his Fourth Set of Requests for Production.

Dated this 17th day of February, 2015.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**